42 F.3d 1398
 1995-1 Trade Cases P 70,858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BMMG, INC.; Robert S. Mann; Bob Mann's Malibu Gym, Inc.;
Plaintiffs-Appellants,
v.
AMERICAN TELECAST CORPORATION; Wally Armstrong Golf, Inc.;
Wally Armstrong; Kenneth Rogers, aka Kenny
Rogers; George Summerall, aka Pat
Summerall; Defendants-Respondents.
 No. 93-55892.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 11, 1994.
Decided Dec. 1, 1994.
 
 Before: GIBSON,* HUG, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 BMMG, Inc., Robert S. Mann, and Bob Mann's Malibu Gym, Inc., (collectively "BMMG") appeal the district court's grant of summary judgment in favor of respondents. The dispositive issue on appeal is whether BMMG produced actual evidence of injury resulting from the respondents' alleged false advertising. See Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197, 210 (9th Cir.1989) (holding that actual evidence of some injury resulting from deception is essential element of plaintiff's case). BMMG contends that Dr. Thomas' affidavit creates a genuine issue of fact as to causation. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 BMMG brought this suit seeking damages for lost profits under section 43(a) of the Lanham Act. To prevail, BMMG must prove that: 1) respondents attempted to sell its golf videos by making false statements; 2) respondents' false advertisement deceived a significant portion of the consuming public; and 3) BMMG's alleged injury resulted from the deception. Harper House, 889 F.2d at 208, 210. As we noted in Harper House, "[i]n a suit for damages under section 43(a) ... actual evidence of some injury resulting from the deception is an essential element of the plaintiff's case." Id. at 210.
 
 
 4
 Although Dr. Thomas' affidavit provides evidence that American Telecast's sales caused BMMG to lose sales, it does not link the loss of sales to the alleged deception. There is no evidence sufficient to create a genuine issue of material fact as to whether the alleged deception caused any injury to BMMG.
 
 
 5
 BMMG relies on U-Haul Intern., Inc. v. Jartran, Inc., 793 F.2d 1034 (9th Cir.1986) in contending that it is entitled to a presumption that the alleged deception caused its injury. That case is clearly distinguishable. The presumption approved in Jartran was that the expenditure of substantial funds in an effort to deceive consumers gives rise to a presumption that the consumers are in fact deceived. Id. at 1041. This presumption does not extend to justify a finding that a competitor is injured by the deception. As we noted in Harper House, the plaintiffs in the Jartran case had presented evidence that Jartran's deceptive advertising injured U-Haul. Harper House, 889 F.2d at 208-09. The plaintiffs in Jartran used actual evidence, not a legal presumption, to prove the injury element of their case.
 
 
 6
 In the case at hand, the district court correctly found that there was no evidence that BMMG lost any sales due to American Telecast's alleged deception. The causal link is missing. Accordingly, the judgment of the district court is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3